IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES J. NICHOLS,

    Petitioner,                     No. CIV S-09-0249 FCD GGH P

    vs.

M. EVANS,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2007 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

        Petitioner filed the original petition, on which this action is proceeding, on January 28, 2009. On February 6, 2009, the court ordered respondent to file a response to the petition. On March 27, 2009, respondent filed a request to stay this action pending the Ninth Circuit's decision in Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc granted*, \_\_\_ F.3d \_\_\_, No. 06-55392 (9th Cir. Filed May 16, 2008). Petitioner has not responded to this request.

        For the following reasons, the court recommends that respondent's request to stay this action be denied.

        In Sass v. Cal. Board of Prison Terms, 461 F.3d 1123 (9th Cir. 2006) and Irons v. Carey, 505 F.3d 846 (9th Cir. 2007), the Ninth Circuit was concerned with the existence per se of

allegedly egregious circumstances of the crime, trivial motive and the like, at least prior to the time the prisoner had served his minimum term under the sentence. That is, a bad circumstance automatically equaled "some evidence" supporting a finding of parole unsuitability. In <u>Hayward</u>, <u>supra</u>, the Ninth Circuit looked past the existence per se of listed circumstances, aka suitability factors, and considered whether a particular factor, such as trivial motive, could be a legitimate predictor of dangerousness if released. By granting rehearing in <u>Hayward</u>, the Ninth Circuit clearly has shown an intent to clarify what standard applies in parole cases.

It is within the court's discretion to grant a stay of proceedings in its own court. <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1109 (9th Cir. 2005). The Ninth Circuit has held that in determining whether a stay of a pending proceeding is appropriate based upon the existence of other similar proceedings, the district court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay." <u>Id.</u> at 1110. The competing interests to be considered are: 1) the possible damage that may result from the granting of a stay; 2) the hardship that the party seeking the stay may suffer by being required to go forward; and 3) the orderly course of justice measured by considering whether issues will be simplified or complicated, proof, and questions of law which could be expected to result from a stay. <u>Id.</u>

In May 2008, the Ninth Circuit granted the petition for rehearing in <u>Hayward</u>. At that time, this court presumed that a decision in <u>Hayward</u> would be shortly forthcoming. However, one year has passed and <u>Hayward</u> is still pending. It is not now clear when a decision in <u>Hayward</u> will be issued. Under these circumstances, staying this action could result in a lengthy delay in the disposition of petitioner's claims. For this reason, the court finds staying this action would prejudice petitioner.

In addition, staying this action for a possibly lengthy period of time would not now promote judicial economy. A significant number of habeas corpus petitions challenging parole suitability decisions are now stayed. The court originally recommended staying these parole cases based on the assumption that <u>Hayward</u> would soon be decided. Once the Ninth

Circuit decides <u>Hayward</u>, judicial economy will now be thwarted because it will take significant court resources to decide the stayed cases in a timely manner. At this juncture, deciding these cases as they are filed rather than waiting to decide them all when <u>Hayward</u> is decided makes more sense.

The court initially had good reason to await the Ninth Circuit's clarification of the appropriate standards in reviewing denial of parole eligibility cases. The undersigned reasoned that picking the "wrong" standard could result in a mass remand of decided cases. However, given the passage of time, the burden to all in picking the possibly "wrong" standard is now outweighed by the growing backlog of stayed cases occasioned by the delay in deciding <u>Hayward</u>.

Accordingly, IT IS RECOMMENDED that respondent's March 27, 2009, request to stay this action pending the Ninth Circuit's decision in <u>Hayward v. Marshall</u>, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc granted*, ___ F.3d ___, No. 06-55392 (9th Cir. Filed May 16, 2008) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 12, 2009

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

nich249.fr

3